UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRONCO MORGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-CV-280-MGG |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

This case is before the court by consent of the parties. ECF 11. Bronco Morgan, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-02-99) where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a cell phone in violation of Indiana Department of Correction (IDOC) policy A-121. ECF 1 at 1. As a result, Morgan was sanctioned with the loss of 60 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.*

Morgan's petition identifies only one ground, generally alleging "due process" violations. ECF 1 at 2. Within Ground One, Morgan identifies four discrete issues that he believes entitles him to relief. *Id.* First, Morgan argues that there was insufficient evidence on which to find him guilty. *Id.* Second, he claims that the Conduct Report does not identify the "disposition" of the evidence or any witnesses. *Id.* Third, he claims that he did not receive a copy of the evidence card. *Id.* Finally, he claims that he was denied access to evidence that he requested. *Id.*

Respondent contends that Morgan is procedurally defaulted on the latter three claims because he failed to raise these issues during his administrative appeals. ECF 9 at 10. In habeas corpus

proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). In his administrative appeals, Morgan only raised the issue of the sufficiency of the evidence. ECF 9-7 at 1. Thus, Morgan is procedurally defaulted with respect to all other claims.

Morgan argues that he is entitled to habeas corpus relief because there was insufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some

2

> evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

An inmate violates IDOC A-121 by his "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." IDOC Adult Disciplinary Process. [http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.](http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.) The Conduct Report charges Morgan as follows,

> At approximately 2:25 am I, Ofc J. Piggott was unlocking doors on the west 400 range. When I got to offender Morgan's cell (west 427) (doc # 209989) I picked up on the lock box to try and unlock cell 427 west and as I, Ofc J. Piggott, picked up on the lock box a cellular device fell from underneath the box.

ECF 9-1 at 1. During the subsequent disciplinary hearing, the DHO was presented with the Conduct Report, a photograph of the confiscated phone, and statements from Morgan. Based on the evidence, the DHO reported that she "[b]elieve[s] CR to be true + factual. Photo supports charge. Policy states inmates responsible for all parts of cell. Has been in cell since Sept. 2015." ECF 9-6 at 1. In her declaration attached to Respondent's return, the DHO stated that she has worked at the Indiana State Prison for over 26 years. ECF 9-9 at 1. Based her experience in the prison, she explains that the "lock mechanism cannot literally be 'picked up' by staff. But due to the age of the facility and the locking mechanisms, staff members occasionally need to push, pull, and/or simultaneously work the

3

key, the door, and the locking mechanism so the locking bolt will click to secure or unsecure the cell door." *Id.* The DHO's declaration states, "when the cell is secured, no one but the occupant is capable of tampering with the locking mechanism. And if an item such as a cell phone is placed under the locking mechanism when the cell is unsecured, then the door would not be able to be locked." *Id.* Based on her knowledge of the locking mechanism, and her 26 years experience at the prison, the DHO concluded that "the cell phone at issue in this case was somewhere behind the locking mechanism and that it fell to the floor when the officer was attempting to unlock the door to Morgan's cell. Accordingly, [she] concluded that Morgan, as the occupant of the cell, had possessed the cell phone." *Id.*

The DHO had sufficient evidence to find Morgan guilty of possession of the cell phone. The phone was discovered in an area of a cell that, once locked, could only be accessed by the inmate in the cell. Furthermore, the DHO knew from experience that the door could not have been secured if the phone was hidden behind the locking mechanism. Based on the evidence, it was not unreasonable or arbitrary for the DHO to determine that Morgan hid the cell phone. The DHO noted that Morgan had been housed in his cell for five months at the time of the infraction, and thus was presumably familiar with the structure of the cell. Moreover, during his hearing, Morgan admitted to the DHO that he had been caught with possession of two cell phones in the past. ECF 1 at 6.

Morgan argues that he should not have been found guilty because the phone, found outside of his cell door, was in a common area. ECF 12 at 5-6. Yet, the DHO was permitted to rely on both circumstantial evidence, and the theory of constructive possession, to find Morgan guilty. *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (finding offender guilty based on offender's constructive possession of contraband); *Brenneman v. Knight*, 297 F. App'x 534, 536 (7th Cir. 2008)

4

(finding prisoner guilty based on circumstantial evidence). Because the DHO's finding was supported by "some evidence," Morgan is not entitled to habeas corpus relief.

For the reasons set forth above, the petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: June 12, 2017.          <u>S/Michael G. Gotsch, Sr.</u>
                                  Michael G. Gotsch, Sr.
                                  United States Magistrate Judge